Filed 2/1/24  P. v. Reynolds CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B331433 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA139152-02) |
| v. | |
| DARIOUS REYNOLDS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying an evidentiary hearing to preserve evidence for a youth offender parole hearing pursuant to Penal Code[1] section 1203.01, *People v. Franklin* (2016) 63 Cal.4th 261 and *In re Cook* (2019) 7 Cal.5th 439. We affirm.

## BACKGROUND

In 2014, appellant Darious Reynolds entered pleas of no contest to charges of robbery and rape, violations of sections 211 and 261, subdivision (a)(2). He also admitted he personally used a firearm in the commission of the rape within the meaning of section 12022.53, subd. (b). The trial court sentenced Reynolds to 14 years in state prison. Reynolds was 17 years old at the time of the offense.

In 2023, Reynolds filed a post-judgment motion for an evidentiary proceeding to preserve evidence to be used at a youth offender parole hearing. The trial court denied the motion because Reynolds was ineligible for a youth offender parole hearing under section 3051. Reynolds timely appealed.

On October 26, 2023, we appointed counsel to represent Reynolds on appeal. On November 30, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us he had told Reynolds he may file his own supplemental brief within 30 days. Counsel sent Reynolds transcripts of the record on appeal as well as a copy of the brief.

On December 1, 2023, this court sent Reynolds notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief

---

[1] Further statutory references are to the Penal Code.

2

or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On December 29, 2023, Reynolds filed a supplemental brief, in which he contends: 1) trial counsel provided ineffective assistance in failing to inform him about his eligibility for a youth offender parole hearing; 2) he wants to withdraw his no contest plea because he was ill informed about his rights; 3) he suffered from mental duress, incompetency and derangement at the time of his sentencing; 4) trial counsel provided ineffective assistance in failing to present his mental duress to the sentencing judge as mitigation of punishment; 5) he was never identified in a lineup or in the surveillance video from the business at the time of the incident; and 6) there was no evidence against him except his own statement which he gave without the benefit of a *Miranda*[2] warning.

## DISCUSSION

Reynolds raises what he perceives to be weaknesses in the evidence at trial and errors made by his trial counsel. An appeal from a post-judgment motion for a youth offender parole hearing is not a vehicle to raise unrelated claims of error allegedly committed by the trial court or trial counsel or to attack the sufficiency of the evidence to support a plea. We decline to address these issues.

We note Reynolds is not entitled to a youth offender parole hearing under section 3051. Section 3051 entitles certain prisoners who committed "controlling offenses" under the age of 26 to youth offender parole hearings and to a "meaningful

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

3

opportunity for release." (§ 3051, subds. (a)(1) & (e).)  The statute provides for a youth offender parole hearing after a fixed period of years.  (*In re Jenson* (2018) 24 Cal.App.5th 266, 273, 277.) A youth offender is entitled to such a parole hearing during the 15th year of incarceration on a determinate sentence; during the 20th year of incarceration on a life term of less than 25 years to life; and during the 25th year of incarceration on a term of 25 years to life, or life without the possibility of parole if under the age of 18 when the crime was committed.  (§ 3051, subd. (b)(1)–(4).)  Here appellant was sentenced to a 14-year term. He will be released before the mandated youth offender parole hearing timeframes are activated.

We are not required to independently review the record and we decline to do so.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)

## DISPOSITION

The order denying the motion for a youth offender parole hearing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.                          WILEY, J.